IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MARVIN C. GILL,

    Plaintiff,

vs.                                  Case No. 4:08cv376-RH/WCS

BILL McCOLLUM,
and CARYL KILINSKI,

    Defendants.

                             /

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se*, has filed a "complaint of tortious interference with an oral contract." Doc. 1. Plaintiff paid the entire filing fee at the time of case initiation.

The Defendants are the Florida Attorney General, Bill McCollum, and an Assistant Attorney General, Caryl Kilinski. *Id.* Plaintiff contends the Defendants "deliberately and maliciously interfered with an oral contract for settlement made between the Defendant Guards ('Guards') and Gill in a, 42 U.S.C. § 1983 Civil Rights Suit that was pending for trial in the United States District Court, Northern District of Florida, Panama City Division, Case No.: 5:99cv-119/LAC." Doc. 1, pp. 1-2.

Plaintiff alleges that in March of 1999, several guards conspired to have Plaintiff beaten up by another inmate while he was in an administrative confinement cell at Gulf Correctional Institution.  Doc. 1, p. 3.  Plaintiff filed suit concerning those events in the Panama City Division of this Court.  *Id.*  Defendant Kilinski represented the defendant guards in that case which was referred to mediation after the defendents' motions to dismiss or grant summary judgment were denied.  *Id.*, at 4-5.  Mediation ended at an impasse and the case was set for trial.  *Id.*, at 5.  On the day before trial was to start, Defendant Kilinski contacted Plaintiff's attorney at the time, James Cook, and "made an 'oral settlement' offer on behalf of the" Defendants.  *Id.*  Plaintiff agreed to the offer ($30,000.00 cash settlement and waive all liens against plaintiff's inmate bank account), and Plaintiff was required to sign a release form and file a voluntary dismissal.  *Id.*, at 6. Plaintiff alleges that the "settlement offer was consummated into an oral contact [sic] on behalf of the Guards for the terms and conditions stated" above.  *Id.*

Plaintiff alleges Defendant Kilinski did not wait for his sworn release form or notification of his voluntary dismissal, but called the court "on the morning of June 2, 2004 and request[ed] a 'voluntary dismissal' of Plaintiff's Civil Right[s] Suit."  *Id.*, at 7.  The court dismissed the case on counsel's notice.[1]  *Id.*

On June 30, 2004, Plaintiff received the "release of all claims" form from his attorney, which he signed and returned.  *Id.*, at 7.  Correspondence between Plaintiff's

---

[1] The order of dismissal in case 5:99cv119, signed by Senior United States District Judge Lacey A. Collier on June 2, 2004, stated: "Defendants have informed the Court that this case has been settled." Doc. 213, of that case.  The final sentence of the Order of Dismissal states: "In the event that the settlement is not consummated, the Court reserves the power, upon motion filed by any party within sixty (60) days of the date of this order, to amend or vacate and set aside this order of dismissal and reinstate this case."  *Id.*

attorney and Defendant Kilinski transpired over the next few weeks and Plaintiff was advised that he could expect payment approximately 20 to 30 days after the State received his signed release.  *Id.*, at 8-9.  When Plaintiff had not received the $30,000.00 settlement check after waiting a reasonable period of time, his attorney filed a "petition to enforce settlement agreement and enjoin the State from attaching recovery to satisfy lien" in the litigation which ended in the settlement agreement.  *Id.*, at 9-10.  The motion was filed on September 7, 2004, as document 218 in case 5:99cv119.[2]  After reviewing defendants' response, filed on September 20, 2004, doc. 219, Senior District Judge Collier denied the petition to enforce the settlement.  Doc. 220.  That order, entered on September 30, 2004, states:

> Since the Court dismissed this case pursuant to the settlement agreement on June 2, 2004, the deadline for reinstating this case, as set out in that Order, expired on August 1, 2004.  Unfortunately, it is therefore beyond the jurisdiction of this Court to reinstate this case or to provide the relief Plaintiff seeks.

Doc. 220, case 5:99cv119.

Plaintiff asserts in this case that Defendant Kilinski "intentionally, deliberately and maliciously deceived" Plaintiff when she led Plaintiff to believe that he would be paid "within 20-30 days after receipt of his release [form], which was filed to her on July 19, 2004."  Doc. 1, pp. 10-11.  Plaintiff also claims that Defendant Kilinski deliberately,

---

[2] This document, filed by Plaintiff's counsel, contains a statement of the events which transpired between the offer of settlement on June 1, 2004, and July 21, 2004, when Defendant Kilinski responded in a letter to Plaintiff's attorney.  Doc. 218, p. 3, of case 5:99cv119.  Defendant Kilinski asserted that Plaintiff's counsel had made "unauthorized and unacceptable" modifications which were "not consistent with the agreement and refusing to pay the settlement."  *Id.*  Defendant Kilinski filed a memorandum in opposition to the petition (motion), doc. 218, on September 20, 2004, presently a slightly different version of the events as it concerned a release of the statutory lien for the costs of incarceration.  Doc. 219.

intentionally, and maliciously sought to delay Plaintiff's efforts to enforce the settlement until after the expiration of the 60-day jurisdictional period. *Id.*, at 11. Plaintiff alleges that Defendant Kilinski's tortious interference "was in bad faith and with malice and for the purpose of preventing [Plaintiff] from receiving the proceeds of the" settlement. *Id.*, at 12-13.

**Analysis**

The Court has a duty to consider whether subject-matter jurisdiction exists "over a particular matter, even if doing so raises the issue *sua sponte*." In re Walker, 515 F.3d 1204, 1210 (11th Cir. 2008); *see also* Cadet v. Bulger, 377 F.3d 1173, 1179 (11th Cir. 2004); Chacon-Botero v. U.S. Atty. Gen., 427 F.3d 954, 956 (11th Cir. 2005). A United States District Court has essentially two basis for jurisdiction: federal question or diversity of citizenship. *See* 28 U.S.C. §§ 1331, 1332. As Plaintiff and the Defendants all reside in Florida, there can be no jurisdiction based on diversity.

Additionally, Plaintiff has not alleged a constitutional violation or violation of federal law such that jurisdiction could be obtained under the court's federal question jurisdiction. It is unknown why Plaintiff and his attorney did not nail down the presumed settlement in that period and reduce it to writing. It is unknown why Plaintiff and his attorney did not plainly resolve the question of whether the cash payment would be subject to FLA. STAT. § 960.297, reimbursing the State for "costs of incarceration," and Plaintiff himself admits there was no mention of this by *either party*, despite the fact that this issue was "heatedly" contested by Defendants at mediation. Doc. 1, pp. 5-6. It is unknown why Plaintiff and his attorney did not ask this court to retain jurisdiction to enforce a clearly worded settlement. Indeed, on July 21, 2004, nine days before the

period set by Judge Collier expired, Ms. Kilinski plainly expressed her understanding that "we never agreed to waive any potential liens – only the existing approximate $1,400.00 lien on your client's account."  Doc. 1, Ex. D.  It is unknown why Plaintiff and his attorney did not immediately notify Judge Collier that the settlement had collapsed.  But all of this is beyond this court to determine now.  The time expired pursuant to Judge Collier's order.  Now, whether Plaintiff's allegations are liberally viewed as a tort claim, as a breach of contract action, or another claim in equity, this case presents questions of state law that must be resolved in state court.  This Court does not have jurisdiction to review the merits of Plaintiff's claims and this action must be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for lack of jurisdiction.

**IN CHAMBERS** at Tallahassee, Florida, on August 28, 2008.


 s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**