IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MARVIN C. GILL,

    Plaintiff,

v.                               CASE NO. 4:08cv376-RH/WCS

BILL McCOLLUM, et al.,

    Defendants.

_____/

## ORDER OF DISMISSAL

This is a tortious interference claim—essentially a bait-and-switch claim—against an attorney for the State of Florida and her agency head. The plaintiff is a state prisoner. He asserts that the defendant attorney agreed to settle the plaintiff's civil rights case on the eve of trial for $30,000, obtained a dismissal of the case, but then asserted that no money had to be paid to the plaintiff because of the state's lien for the cost of the plaintiff's imprisonment.

When originally notified of the settlement agreement, the court (specifically a different judge on this court) entered an order dismissing the action and giving the parties 60 days to seek to have it reopened. That period expired before the

plaintiff sought to enforce the settlement agreement, perhaps because of a delay in learning of the switch. The court denied relief for lack of jurisdiction.

The plaintiff then filed this action against the attorney who agreed to the settlement and against the Attorney General (for whom the attorney works). The plaintiff asserts tortious interference with the settlement agreement. The magistrate judge has entered a report and recommendation concluding that the case should be dismissed for lack of federal jurisdiction. The plaintiff, who had an attorney during the underlying lawsuit but now is proceeding *pro se*, has filed objections. I have reviewed the jurisdictional issues *de novo*.

The state of course must perform its contracts. And the state must turn square corners with its citizens. When it does not, it ordinarily can be held to account. But that does not mean the state can be held to account in federal court. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994) (holding that a settlement agreement in a federal lawsuit ordinarily is governed by state law and that after entry of a judgment of dismissal the federal court does not have jurisdiction to enforce the settlement agreement unless it has explicitly retained jurisdiction or there is an independent basis for federal jurisdiction). Nor does it necessarily mean that an attorney who helps the state renege on its agreements can be held liable personally. Even when an

attorney *can* be held liable, a federal court may not have jurisdiction over the claim.

The plaintiff's allegations raise serious issues. The correspondence filed with the complaint suggests that the defendant attorney asserted that waiver of the liens at issue was not addressed during the settlement discussions. But the attorney must have known that the plaintiff would not have settled for nothing, and if the attorney anticipated at that time that no money would be paid to the plaintiff, she should have raised the issue explicitly. The applicable professional norms, if not also the binding Rules of Professional Conduct, required at least this much.

It is clear, however, that there is no federal jurisdiction over this lawsuit. The tortious interference claim does not arise under federal law, the adverse parties are not citizens of different states, and there is no other basis of federal jurisdiction. No matter how much relief seems warranted, a federal court without jurisdiction cannot provide it.

For these reasons,

IT IS ORDERED:

The report and recommendation (document 4) is ACCEPTED. The clerk must enter judgment stating, "This action is DISMISSED without prejudice for lack of jurisdiction." The clerk must provide a copy of this order to the plaintiff

and to the defendants and must close the file.

      SO ORDERED on October 9, 2008.

                                                     s/Robert L. Hinkle  
                                                     Chief United States District Judge